UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOHNSON CONTROLS, INC.,
a Wisconsin corporation,

Plaintiff,

v.

MARK F. BUCHOLZ,
a Minnesota resident, and
THE ENERGY SERVICES GROUP, LLC,
a Minnesota corporation,

Defendants.

Court File No. 01-763 (PAM/RLE)

**STIPULATION AND ORDER**

---

WHEREAS, plaintiff Johnson Controls, Inc. ("JCI") has filed and served a Notice of Motion and Motion for a Temporary Restraining Order and a Notice of Motion and Motion for Expedited Discovery, along with supporting memoranda and affidavits against defendants Mark F. Bucholz ("Bucholz") and The Energy Services Group, LLC ("ESG"); and

WHEREAS, this matter came before the court on the motions of JCI for a Temporary Restraining Order and for Expedited Discovery. Thomas J. Conley and David Lucey appeared on behalf of JCI. Jacqueline Rolfs appeared on behalf of ESG. Douglas Hedin appeared on behalf of Bucholz; and

WHEREAS, JCI, Bucholz, and ESG have reached agreement and hereby stipulate that the following Order may be entered without further notice:

THEREFORE, IT IS HEREBY ORDERED, upon consent of all the parties, as follows:

FILED MAY 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

1. Bucholz is enjoined until March 30, 2002 or further Order of this Court from violating his Employment Agreement with JCI, a copy of which is attached as Exhibit A and hereby incorporated into this Order. Specifically, Bucholz shall not perform services directly or indirectly for any entity competitive with JCI, including but not limited to ESG, with respect to existing JCI customers or potential customers that Bucholz served or solicited while employed by JCI, or JCI customers or potential customers that were served or solicited by another JCI employee under Bucholz's supervision, or any JCI potential customers who within the last nine months of Bucholz's employment received or were about to receive proposals from any employee of JCI with whom Bucholz had contact. The customers and potential customers included within this restriction are those identified on the list attached hereto as Exhibit B.
2. Bucholz is enjoined from violating his Intellectual Property and Confidentiality Agreement, a copy of which is attached as Exhibit C and hereby incorporated into this Order, as well as his common law duty of confidentiality. Specifically, Bucholz shall not use or disclose any information which is confidential or proprietary to JCI, or any information that he acquired or which originated during his employment with JCI which relates to any aspect of the business of JCI, except that Bucholz is not enjoined from using or disclosing information in the public domain.
3. ESG is enjoined from using or disclosing any information which is confidential or proprietary to JCI. Further, ESG is enjoined from using or disclosing any of the

documents described in paragraph 19 of the Affidavit of Brad J. Bateman dated April 30, 2001, or any other documents belonging to JCI.

4. Except for documents contained on computers, which are addressed in paragraphs 5 and 8 below, Bucholz and ESG shall both immediately surrender to JCI all documents in their possession or control which contain confidential or proprietary JCI information, regardless of form.

5. ESG shall, within five days of this Order, provide to JCI a complete accounting of the distribution of any electronic files or messages sent from a JCI computer by Bucholz, or any other confidential or proprietary JCI information on any ESG computers, networks, or mail servers (including the one operated by U.S. West for the address "perry.schmidt@lesg.com"), and ESG shall cooperate with JCI to locate and destroy any documents, files or data containing any such JCI electronic files, messages or confidential or proprietary JCI information using the services of Ontrack Data International, Inc. ("Ontrack") as a jointly retained neutral expert in accordance with a procedure to be defined by agreement of the parties and/or as directed by the Special Master to be appointed by the Court.

6. Bucholz is enjoined from altering or deleting from any computer any documents related to JCI or ESG, or documents which contain information related to Bucholz's work for either company, and ESG is enjoined from altering or deleting from any computer documents containing any JCI electronic files, messages or confidential or proprietary JCI information until the procedures set forth in paragraph 5 of this Order have been completed.

7. JCI is granted leave to take the deposition of Bucholz and Perry Schmidt at any time mutually agreeable to the parties.

8. ESG and Bucholz shall immediately, and in any event by no later than 5:00 p.m. on May 11, 2001, deliver or place in transit to Ontrack, the following computers: the laptop computer assigned to Perry Schmidt by ESG ("the Schmidt Laptop"), the laptop computer assigned to Bucholz by ESG, and the home computer of Bucholz. On an expedited basis with respect to the Schmidt Laptop, Ontrack shall make a complete evidentiary copy of all drives, perform searches to identify any Johnson Controls files and information resident in any active files, and then delete and wipe any such files or information from the drives before returning the computer to ESG. Thereafter, Ontrack will proceed to analyze the retained copy of the Schmidt Laptop and the other computers in accordance with the process defined pursuant to paragraph 5.

Dated: May 11, 2001

David M. Jaffe
Thomas J. Conley (Minn. #201625)
David M. Jaffe (Minn. #0281700)
LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone (612) 335-1500
Facsimile (612) 335-1657

David Lucey (Wis. #1004129)
Michael P. Matthews (Wis. #1029520)
FOLEY & LARDNER
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone (414) 297-5511
Facsimile (414) 297-4900

ATTORNEYS FOR PLAINTIFF
JOHNSON CONTROLS, INC.

Dated: May 11, 2001

Jacqueline R. Rolfs (Minn. #222057)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone (612) 336-3000
Facsimile (612) 336-3026

ATTORNEYS FOR DEFENDANT
THE ENERGY SERVICES GROUP, LLC

Dated: May 11, 2001

Douglas A. Hedin (Minn. # 43205 )
HEDIN & GOLDBERG, P.A.
2100 Stevens Avenue South
Minneapolis, MN 55404
Telephone (612) 871-5500
Facsimile (612) 871-1312

ATTORNEYS FOR DEFENDANT
MARK F. BUCHOLZ

**IT IS SO ORDERED:**

Dated: May 11, 2001

Honorable Paul A. Magnuson
United States District Court Judge

2080146v1

# EMPLOYMENT AGREEMENT

In consideration of my employment or the continuation of my employment by Johnson Controls, Inc., ("Johnson Controls"):

**1. INVENTIONS.**

I shall promptly disclose to Johnson Controls or its designee any and all inventions (hereafter referred to as "Inventions"), whether patentable or unpatentable, made or conceived by me, either solely or jointly, during the term of my employment and relating to any developments or products of, or pertaining to the current and reasonably anticipated business of Johnson Controls and its subsidiaries and affiliates.

I hereby assign and agree to assign Johnson Controls, its successor and assigns, my entire right, title and interest in and to any of said inventions.

I will, without further compensation, do all lawful things, including maintaining invention records which shall be the property of Johnson Controls, rendering assistance, and executing necessary documents, as requested by Johnson Controls, at its option and expense, to file and obtain patents in the United States and foreign countries on any of said inventions, as well as to protect Johnson Controls' property interest in any of said inventions.

Any statute covering the right or entitlement in or assignment of an invention, only to the extent in conflict with the provisions of this Agreement, shall be applicable and determinative of assignability, right or entitlement in such intervention.

**2. CONFIDENTIALITY.**

For a period corresponding to the term of employment and thereafter, as long as the information remains confidential or proprietary, I shall not disclose to others, copy or use, except as authorized by Johnson Controls, any confidential or proprietary information of Johnson Controls or its subsidiaries and affiliates comprising any data or information, however embodied, acquired or created, concerning any aspect of the business of Johnson Controls that I may acquire or originate during my employment. This clause is not to be construed as prohibiting the use of my trade and professional skills so long as such does not violate confidential or proprietary information.

Upon termination of my employment, I will surrender to Johnson Controls any and all documents that I have in my possession incorporating any such confidential or proprietary information, including all copies thereof whether in human or machine readable form.



EXHIBIT
A

3. **NON-COMPETITION.** For one year following the date of termination I will not perform services directly or indirectly in or for a business competitive with Johnson Controls, with respect to; 1) existing Johnson Controls customers or potential customers served or solicited by me or someone under my supervision while I was a Johnson Controls employee, and/or 2) potential customers who within my last 9 months of employment received or were about to receive proposals from any employee of Johnson Controls with whom I had contact. This covenant not to unfairly compete will not apply to contractors or subcontractors with whom Johnson Controls has existing or proposed business.

4. **EMPLOYEE TAMPERING.** I will not during or for one year after my period of employment solicit, induce or recommend that any Johnson Controls employees, whom I supervised or about whom I received any confidential information, seek employment with any company competitive with the Controls Group of Johnson Controls.

5. **GENERAL.** This agreement does not place any obligation upon Johnson Controls to employ me for any definite period, nor upon me to accept employment for any definite period.

I agree that this contract constitutes the entire agreement between myself and Johnson Controls with respect to the subject matter hereof. This Agreement may not on behalf of or in respect to Johnson Controls be modified or terminated in whole or part, except by an instrument in writing signed by an officer or other authorized executive of Johnson Controls.

I agree that this Agreement shall be binding upon my heirs, executors, or other legal representatives or assigns.

Employee Name (Please Print): Mark F. Bucholz

Mark F. Bucholz
Employee Signature

3-10-00
Date

Ratification by Johnson Controls, Inc. - Location: GNA - Fargo 090

[signature]
Johnson Controls - Authorized Representative

3/22/00
Date



EMPLOYMENT AGREEMENT FORM
(REV. 7/20/98)

**Conley, TJ.**

**From:** Conley, TJ.
**Sent:** Thursday, May 10, 2001 5:48 PM
**To:** Conley, TJ.
**Subject:** Bucholz Engaged Accounts

Attached are the Accounts that Bucholz was engaged with at JCI as either a (1) lead Salesperson, (2) Sales manager, or (3) direct customer contact as evidenced on expense reports during his last 45 days of employment with JCI.

1. Bucholz Accounts @ JCI - Sales Lead

Bismarck School District
City of Minot
~~City of Bismarck~~ t/c DX
Fargo School District
Hatton School District
Jamestown School District
Mandan School District
Minot School District
Minot State University
Mayville State University
Valley City State University
Wahpeton School District

2. Bucholz Accounts @ JCI - Sales Managed

Alexandria School District
Bemidji School District
City of Moorhead
Crookston Schools
Fergus Falls Schools
North Dakota State University
~~North Dakota State University System~~ t/c DX
Northwest Technical College
Roseau Schools
Staples Motley Schools
Thief River Schools
Waubun Schools
Developmental Center
Jamestown State Hospital
Moorhead Schools
Bismarck State College

3. Reported Bucholz customer contacts in last 45 days prior to leaving JCI

Grand Forks County
Pembina County
Langdon Schools
Cavalier County
~~Minot State-Bottineau~~ t/c DX
Bottineau School Dist. t/c DX
Northwood t/c DX

EXHIBIT
B

JOHNSON CONTROLS

# EMPLOYEE INTELLECTUAL PROPERTY AND CONFIDENTIALITY AGREEMENT

| Employee Name |
|---|
| Mark F. Bucholz |
| Location |
| Fargo 090 |

For and in consideration of employment, the continuation of employment by Johnson Controls, Inc., ("JCI") or for other consideration, the receipt and adequacy of which is acknowledged, I hereby agree with JCI as follows:

1. I shall promptly disclose to JCI any and all inventions, whether patentable or unpatentable, and any works of authorship including but not limited to computer programs (individually or collectively referred to as "Intellectual Property") which were made or conceived by me, either solely or jointly, during the term of my employment and relating to the current and reasonably anticipated business of JCI and its subsidiaries and affiliates. The definition of "Intellectual Property", as used in this Agreement, shall also include any data or information however embodied or created irrespective of whether in human or machine readable form, concerning any aspect of the business of JCI.

2. I hereby assign and agree to assign to JCI, its successors and assigns, my entire right, title and interest in and to any of said Intellectual Property.

3. Without further compensation, I will do all lawful things, including maintain records which shall be the property of JCI, render assistance, execute documents and perform all other acts reasonably necessary for JCI to perfect, at its sole option and expense, its right in Intellectual Property in the United States and in any foreign country.

4. I shall not disclose to anyone, other than as may be required by employment or as may be authorized in writing by JCI, nor use for the benefit of myself or others, any item of Intellectual Property which is confidential or proprietary to JCI, and that I may acquire or originate during my employment and that relates to any aspect of the business of JCI, its subsidiaries and affiliates.

5. Upon termination of my employment for any reason, I will surrender to JCI any and all documents then in my possession and incorporating any such confidential or proprietary Intellectual Property, including all copies thereof whether in human or machine readable form.

6. This agreement does not place any obligation upon JCI to employ me for any definite period, nor upon me to accept employment for any definite period.

7. To the extent that any statute governs the ownership and disposition of any Intellectual Property and is in conflict with this Agreement, the statute shall be controlling.

8. The obligations of this Agreement shall not end upon the termination of my employment, but shall continue to be binding upon me, regardless of the reason for the termination of my employment, so long as, in the judgement of JCI, such Intellectual Property remains confidential or proprietary to JCI.

9. This document constitutes the entire agreement between me and JCI with respect to the ownership and disposition of Intellectual Property and may not be modified or terminated in whole or part, except by an instrument in writing signed by the parties hereto.

JOHNSON CONTROLS, INC.

By: [signature]

Title: Area Administrator

Date: 3/16/00

Mark F. Bucholz
Employee

3-10-00
Date

EXHIBIT

6